UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT CITY SURGICAL OPERATING COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2625** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL** | **SECTION L(1)** |

### ORDER & REASONS

Pending before the Court is a Motion to Dismiss Defendant Certain Underwriters at Lloyds, London with Prejudice filed by Plaintiff Crescent City Surgical Operating Company ("Crescent City"). R. Doc. 59. The Defendants, four insurance companies, oppose the motion. R. Doc. 64. Crescent City replied. R. Doc. 68. Considering the record, briefing, and applicable law, the Court now rules as follows.

This case arises out of a dispute under a property insurance policy that contains an arbitration provision. R. Doc. 1. The policy was underwritten by the Defendant Certain Underwriters at Lloyds, London (the "Underwriters at Lloyds") and two domestic insurers. *Id.* On January 27, 2023, the Court granted Defendants' Motion to Compel Arbitration and stayed this case pending arbitration pursuant to 9 U.S.C. § 3. R. Doc. 23. Plaintiff subsequently filed a Motion to Reopen that sought to lift the arbitration stay. R. Doc. 43. On January 17, 2025, the Court partially granted that motion and lifted the arbitration stay only as to the domestic insurers. R. Doc. 57. Notably, the arbitration stay remains in place as to the foreign insurers, the Underwriters at Lloyds. *Id.* On January 30, 2025, the Defendants filed a Notice of Appeal, appealing this Court's order pursuant to 9 U.S.C. §16.1. R. Doc. 58. In the present motion, Crescent City requests that this Court dismiss the Underwriters at Lloyds with prejudice pursuant to Federal Rule of Civil

1

Procedure 41(a)(2). R. Doc. 59. The Court, however, will not grant Crescent City's motion for the following reasons.

9 U.S.C. § 3, which applies in New York Convention cases such as Crescent City's suit against the Underwriters under 9 U.S.C. §§ 206 and 208, provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The mandatory language of 9 U.S.C. § 3 "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). More recently, the Supreme Court has clarified that when a matter is subject to arbitration, the Court must stay the suit rather than dismissing it. *Smith v. Spizzirri*, 601 U.S. 472 (2024). In *Spizzirri*, the Court reasoned that "[k]eeping the suit on the court's docket makes good sense in light of [its] potential ongoing role." *Id.* at 478. For instance, the Court noted that "§ 3 ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute. That return ticket is not available if the court dismisses the suit rather than staying it." *Id.* at 476-77.

The Court's reasoning in *Spizzirri* applies equally to the instant case because the arbitration proceedings in this dispute are still ongoing. It is unclear at this time whether this Court might still have some role to play in the event issues involving Crescent City's claims against the Underwriters remain unresolved after arbitration has concluded. *See id.* Moreover, the exacting

2

language of 9 U.S.C. § 3 that requires district courts to stay a case involving a valid arbitration agreement seriously calls into question this Court's ability to lift the stay for the sole purpose of dismissing the Underwriters. Furthermore, the fact this case is on appeal raises a question as to whether this Court even has jurisdiction to act on the defendant's request at this time. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740-44 (2023) (finding that an appeal under 9 U.S.C. § 16 "divests the district court of its control over those aspects of the case involved in the appeal" and automatically stays the district court proceedings because allowing them to continue "largely defeats the point of the appeal") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Accordingly;

**IT IS HEREBY ORDERED** that Crescent City's Motion to Dismiss, R. Doc. 59, is **DENIED**.

New Orleans, Louisiana, this 26th day of March, 2025.

_____
United States District Judge