UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRESCENT CITY SURGICAL                          CIVIL ACTION
OPERATING COMPANY

VERSUS                                          NO. 22-2625

CERTAIN UNDERWRITERS AT
LLOYDS, LONDON, ET AL                           SECTION L(1)

<u>ORDER AND REASONS</u>

The Court has before it Plaintiff Crescent City Surgical Operating Company's Motion to Lift Stay, R. Doc. 73. All Defendants, Certain Underwriters at Lloyds, London Subscribing to Policy No. VPC-CN0002838-01 ("Lloyds"), Independent Specialty Insurance Company ("Independent"), Interstate Fire & Casualty Company ("Interstate"), and Velocity Risk Underwriters, LLC ("VRU") (collectively, "Defendants") oppose the Motion. R. Doc. 74. Plaintiff filed a reply memorandum. R. Doc. 77. Having considered the briefing in light of the applicable law and record facts, the Court will DENY Plaintiff's Motion for the following reasons.

## I.    BACKGROUND & PRESENT MOTION

This case arises from alleged business losses suffered by Plaintiff due to damage to its commercial property (the "Property") caused by Hurricane Ida. R. Doc. 1-2 at 2. When the hurricane hit, the Property was insured by Defendants. *Id.* Each individual defendant insurer issued a separate policy covering the Property; however, these policies were all contained in a single document that was managed and executed by VRU (the "VRU Policy"). R. Doc. 1-5 at 78. The VRU Policy provides that the two domestic insurers, Interstate and Independent, were collectively responsible for 68% of the named business interruption coverage, while two international corporate entities providing coverage vis-à-vis their membership in syndicates organized under the

1

Lloyd's insurance market were responsible for the remaining 32%. *Id.* at 77.

On June 28, 2022, Plaintiff filed the instant lawsuit in state court. R. Doc. 1-2. It alleged that, as a result of Hurricane Ida, it suffered significant loss of earnings and payroll expenses that should have been covered by the VRU Policy's business interruption coverage. *Id.* at 2. Accordingly, Plaintiff asserts against Defendants claims for (1) breach of insurance contract under Louisiana law, (2) failure to properly evaluate and timely adjust their claim, and (3) failure to pay business interruption costs. *Id.* at 3. Defendants subsequently removed the matter to this Court on the basis of diversity jurisdiction. R. Doc. 1. Upon the case's entry into federal court, Defendants filed an unopposed motion to compel arbitration pursuant to the VRU Policy's arbitration clause and requested a stay of the litigation. R. Doc. 9. More specifically, they argued that the arbitration provision is enforceable under the New York Convention on Arbitration (the "Convention"). This Court ultimately granted the motion on January 27, 2023 and stayed the matter pending the outcome of the mandated arbitration proceedings. R. Doc. 23.

However, on December 12, 2024, Plaintiff moved the Court to vacate its order compelling arbitration and staying the case pursuant to Federal Rule of Civil Procedure 54(b). R. Doc. 43-2. It argued that the Fifth Circuit and Louisiana Supreme Court's respective rulings in *S.K.A.V., L.L.C. v. Independent Specialty Insurance Co.* and *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.* constituted an intervening change in the law clarifying that arbitration clauses in a contract for surplus line insurance, such as the clause in the present case, are void under Louisiana Revised Statute § 22:868. *Id.* at 5. Accordingly, it contended that the order compelling arbitration must be vacated so that this action could properly proceed in this Court. *Id.* at 8.

The Court granted in part and denied in part Plaintiff's motion, noting that the Fifth Circuit

has made clear that in contracts involving foreign parties, the Convention preempts state law and requires the enforcement of arbitration clauses. R. Doc. 57; *see also Safety Nat'l Cas. Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 718 (5th Cir. 2009). But the Court agreed with Plaintiff as to the domestic insurers, Independent and Interstate, and lifted the stay, ordering that Plaintiff could proceed in litigation against those parties. Lloyds appealed. R. Doc. 58. Ultimately, the Fifth Circuit affirmed the Court in substantial part, but held that the Court abused its discretion in denying Defendant's motion to stay this litigation pending arbitration of Plaintiff's claims against the foreign insurers. R. Doc. 72. The Court therefore ordered this matter be stayed until the culmination of those proceedings. R. Doc. 71.

Plaintiff now moves the Court again to lift the stay so that it may proceed against the domestic insurers in this Court, presenting evidence that the arbitration proceedings against the foreign insurers has been dismissed with prejudice. *See* R. Doc. 73-2. Defendants oppose lifting the stay, arguing it should remain in place pending the resolution of the petition for writ of certiorari to the United States Supreme Court they intend to file from the Fifth Circuit's ruling in this case. R. Doc. 74. In its reply memorandum, Plaintiff argues that Lloyds lacks standing to oppose lifting the stay; that the dismissal with prejudice of its arbitration proceeding against the foreign insurers has rendered any potential writ moot; and that Defendants will not succeed on the merits of their appeal to the Supreme Court. R. Doc. 77.

## II.     DISCUSSION

Plaintiff asserts that Lloyds lacks standing to oppose lifting the stay of this action because "only a litigant 'aggrieved' by the district-court judgment may appeal; a prevailing party ordinarily may not." R. Doc. 77 at 5 (citing *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004); *Matter of Sims*, 994 F.2d 210, 214 (5th Cir. 1993)). However, as the Fifth Circuit plainly

3

explained in its recent decision in this case:

> In essence, Crescent City contends that because the Underwriters prevailed in compelling arbitration of the claims against them, they are not aggrieved by the district court's decision and therefore cannot challenge it. We disagree. In the district court, the Underwriters sought to have the entire case arbitrated, arguing that any other result would render the Policy's arbitration agreement "meaningless." But the district court gave them half a loaf—determining that only the claims against the Underwriters were arbitrable and effectively bifurcating the case and allowing the litigation to proceed as to the domestic insurers. Because the Underwriters' relief was partially denied, they are aggrieved parties. *See Forney*, 524 U.S. at 271. And because the domestic insurers' litigation may well have an adverse effect on the Underwriters' arbitration, the Underwriters retain a personal stake in the appeal. . . . The Underwriters therefore have standing to challenge the district court's decision[.]

*Crescent City Surgical Operating Co. v. Interstate Fire & Cas. Co.*, No. 25-30044, 2026 WL 1091579, at *3 (5th Cir. Apr. 22, 2026). A second order from this Court lifting the stay and permitting Plaintiff to proceed in litigation against the domestic insurers would implicate the same denied relief that imbued Lloyds with standing to challenge the Court's first such order before the Fifth Circuit. Accordingly, Lloyds does not lack standing to oppose Plaintiff's Motion. Moreover, the Defendant insurers here collectively oppose Plaintiff's Motion to Lift Stay, and Independent and Interstate unquestionably possess standing to do so.

Plaintiff also argues that the Court ought not deny lifting the stay on the basis of Defendant's proposed writ to the Supreme Court. It asserts that any writ Defendants might pursue from the Fifth Circuit's ruling to the Supreme Court is moot because the arbitration proceedings against the foreign insurers have been dismissed. But the portion of the Fifth Circuit's decision which Defendants wish to challenge is the determination that the Convention does not also bind Plaintiff to arbitrate with the domestic insurers as well as the foreign insurers. The dismissal of arbitration proceedings against the foreign insurers has no impact on that question. Accordingly, a writ of certiorari on that issue is not moot, and the Court may still consider whether the stay of this

4

matter should continue pending the resolution of Defendants' petition.

Finally, Plaintiff argues that Defendants will not succeed on appeal to the Supreme Court. Courts consider four factors in determining whether to stay a proceeding pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). Even if the Court were to find that Defendants are unlikely to succeed on the merits of their appeal, the other three factors weigh in favor of maintaining the stay. The Fifth Circuit has made clear that Defendants were entitled to a stay of all claims in this action until the rights of all parties to arbitrate are resolved. *Crescent City Surgical Operating Co.*, 2026 WL 1091579, at *10–11; *see also Fairway Vill. Condominiums v. Indep. Specialty Ins. Co.*, CV 22-2022, 2023 WL 4156819, at *3 (E.D. La. June 23, 2023) (accepting defendant's argument it would suffer irreparable harm in the absence of a stay "through the deprivation of its alleged contractual right to resolve disputes in arbitration until the issue on appeal is 'concretely resolved.'"). Plaintiff makes no argument that it will be substantially injured should the Court extend the stay, and the Court agrees that maintaining the stay until the resolution of Defendants' petition for writ of certiorari is in the public interest because it promotes the "efficient allocation of judicial resources." *Fairway Vill. Condominiums*, 2023 WL 4156819, at *4 (quoting *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 913 (2023)). The Court will therefore deny Plaintiff's motion and maintain the stay at this time.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

5

**IT IS ORDERED** that Plaintiff's Motion to Lift Stay, R. Doc. 73, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that any party may move to lift the stay within thirty days of the final resolution of any petition for writ of certiorari Defendants may make to the Supreme Court relative to this action.

**IT IS FURTHER ORDERED** that Defendants submit to the Court evidence of their filing of a timely writ to the United States Supreme Court as soon as practicable and in advance of the deadline.

New Orleans, Louisiana, this 9th day of June, 2026.

_____
United States District Judge